*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAVIER ROBERT,** | Civil Action No. 3:14-cv-07266-FLW-DEA |
| Plaintiff, | |
| v. | **OPINION** |
| **AUTOPART INTERNATIONAL;** | |
| Defendants. | |

**WOLFSON, U.S. DISTRICT JUDGE:**

Plaintiff Javier Robert ("Plaintiff") asserts a claim for violation of the Conscientious Employee Protection Act of New Jersey ("CEPA"), N.J. STAT. ANN. § 39:19-1, et seq, stemming from an alleged instruction given to Plaintiff by his employer, Autopart International, Inc. ("Defendant"), relating to treatment of Plaintiff's injury.[1] Presently before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion to Dismiss is granted, and Plaintiff's complaint is dismissed without prejudice. Plaintiff has thirty (30) days to file a Motion to Amend his Complaint.

---

[1] Plaintiff had originally also included a claim for violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. STAT. ANN. § 10:5-1, et seq. However, in his response to the present Motion, Plaintiff "[did] not contest the dismissal of the Count related to the Law Against Discrimination." Memorandum of Law in Opposition to Defendant Autopart International, Inc.'s Motion to Dismiss or, in the Alternative, for a More Definitive Statement 15. Defendant contends that this statement constitutes a concession relating to that claim. *See* Memorandum of Law in Further Support of Defendant Autopart International, Inc.'s Motion to Dismiss 3–4. The Court agrees, and as such, Plaintiff's NJLAD claim has been dismissed and only the CEPA claim is considered in this opinion.

1

### I. Factual Background and Procedural History

The following allegations are taken as true for the purposes of this Motion. Plaintiff is a former employee of Defendant, working as a driver for the company. Compl. ¶¶ 7, 18. In January of 2012,[2] Plaintiff was involved in a traffic accident while driving in the course of his employ. *Id.* ¶ 8. In the accident, Plaintiff allegedly "sustain[ed] serious and permanent injuries[,]" *id.* ¶ 9, for which he sought medical treatment.

Plaintiff was first seen by a physician "authorized by Defendant," who recommended further medical treatment through a follow-up appointment. Compl. ¶¶ 11–12. However, Plaintiff alleges that Defendant subsequently refused to let Plaintiff see Defendant's worker's compensation doctor and told him to file an insurance claim through his own personal insurance. *Id.* ¶ 13. The Complaint does not name the representative for Defendant who took this action and made this statement. *See id.* Whoever he or she may have been, Plaintiff alleges that he informed the representative that the proffered course of action would constitute insurance fraud, so he could not file such a claim. *Id.* ¶ 15.[3]

Defendant terminated Plaintiff's employment on January 16, 2012, a termination which Plaintiff alleges took place as retaliation for his refusal to follow the unnamed representative's instruction. Compl. ¶ 18. This action followed. The Complaint was filed on January 16, 2013, in

---

[2] The Complaint appears to confuse the actual date of the accident, at first stating that it occurred on January 16, 2012, before saying it occurred "[o]n or about January 2, 2012 . . . ." *Compare* Compl. ¶ 6, *with* Compl. ¶ 8.

[3] Through formatting error, the Complaint progresses directly from paragraph 13 to paragraph 15 before proceeding immediately to paragraph 18. The Court uses the enumeration contained in the Complaint.

New Jersey Superior Court.[4] Defendant removed the case to federal court pursuant to diversity of citizenship jurisdiction on November 21, 2014. Petition for Removal ¶ 12.

Thereafter, Defendants moved to dismiss the Complaint. Defendants contend that the factual allegations in the Complaint fail to satisfy all the elements of a CEPA claim. Accordingly, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for which relief may be granted.

## II. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561 (quoting *Conley,* 355 U.S. at 45–46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. As the Third Circuit has stated, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . [a] claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability

---

[4] Over the course of the next twenty-one months, a back-and-forth ensued between the parties relating to notice of the Complaint, the final result of which was the Complaint being placed on the active calendar for the Superior Court. Notice and Petition for Removal of Case from the Superior Court of New Jersey, Law Division, Mercer County ¶¶ 2–6 (hereinafter "Petition for Removal").

requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 127 U.S. at 556); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' . . . The pleading standard 'is not akin to a 'probability requirement[;]' ". . . to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (Citations omitted)).

In affirming that *Twombly*'s standards apply to all motions to dismiss, the Supreme Court explained several principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 97 n.6 (3d Cir. 2010), *cert. denied,* 132 S.Ct. 98 (2011) (citation and internal quotation marks omitted).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *Id.* at 98. This means that, "[f]or example, it generally takes fewer

factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." *Id.* That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." *Id.* (quoting *Ashcroft v. Iqbal,* 129 S.Ct at 1953).

### III. Discussion

New Jersey's CEPA statute provides, in part, that "[a]n employer shall not take any retaliatory action against an employee because the employee . . . objects to, or refuses to participate in any activity, policy, or practice which the employee reasonably believes . . . is in violation of a law." N.J. STAT. ANN. § 34:19-3c.

To maintain a claim for a CEPA violation, Plaintiff must allege factual support for the following: (1) Plaintiff reasonably believed Defendant's actions were violating the law; (2) Plaintiff performed some whistle-blowing action under N.J.S.A. 34:19-3c; (3) Defendant took some adverse employment action against Plaintiff; and (4) a causal nexus exists between the whistle-blowing action and the adverse employment action. *Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005) (citing *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (N.J. 2003); *Kolb v. Burns*, 320 N.J. Super. 467, 476 (N.J. Super. Ct. App. Div. 1999)).

### A. Plaintiff's Belief Notwithstanding, the Alleged Conversation Lacks Adequate Factual Basis in the Complaint

The Supreme Court of New Jersey has held that "N.J.S.A. 34:19-3c does not require a plaintiff to show that a law, rule, regulation or clear mandate of public policy actually would be violated if all the facts he or she alleges are true. Instead, a plaintiff must set forth facts that would support an objectively reasonable belief that a violation has occurred." *Dzwonar*, 177 N.J. at 464. The task falls to the Court to first determine whether "there is a substantial nexus between the complained-of conduct and a law or public policy identified by the court or the plaintiff." *Caver*, 420 F.3d at 254 (quoting *Dzwonar*, 177 N.J. at 464). Then, whether a belief is genuine and

reasonable under the meaning of the statute is a question reserved for the finder of fact. *Id*. Accordingly, so long as Plaintiff has alleged that he believed the suggested action to be illegal, and so long as the Court finds a law to which the complained-of conduct is tied, the Complaint will pass 12(b)(6) muster on the first element of the CEPA claim.

Plaintiff has alleged that he "advised . . . Defendant that [filing on his personal insurance] was insurance fraud . . . ." Compl. ¶ 15. Inherent in this alleged statement is a belief that the action was illegal. Further, depending on the facts, the conduct could run afoul of New Jersey law relating to insurance fraud, possibly rendering Plaintiff's belief to be reasonable.[5] *See* N.J. STAT. ANN. § 2C:21-4.6 (2014). Accordingly, the first element of the CEPA claim could potentially be met if the allegation contained adequate factual support in the Complaint. *See Fowler*, 578 F.3d at 211.

However, Plaintiff provides zero factual allegations to support his claim relating to this communication. *See generally* Compl. No representative of Defendant is named as having participated in the alleged conversation or giving the alleged instruction. *See* Compl. ¶¶ 13, 15. Nor does Plaintiff allege a date, time, or location at which the alleged conversation took place. *See id*. Plaintiff also does not identify who owned the vehicle he was driving. *See id.* Nor does the Complaint contain allegations relating to the medium through which the conversation was

---

[5] However, the Court notes that asking an employee to file an insurance claim through his or her personal insurance provider does not constitute insurance fraud per se. Indeed, "[t]he availability of worker's compensation does not preclude an insured . . . from seeking the range of remedies available pursuant to [Personal Injury Protection, or] PIP." *N.J. Mnfs. Ins. Co. v. Hardy*, 178 N.J. 327, 339 (N.J. 2002). "A PIP carrier may seek reimbursement from the worker's compensation provider . . . and even may be the initiator of a worker's compensation proceeding if the injured person has not filed for such benefits." *Id.* (citing N.J. STAT. ANN. § 39:6A–6; *Speiser v. Harleysville Ins. Co.*, 237 N.J. Super. 507, 511 (N.J. Super. Ct. App. Div. 1990)). While Plaintiff's ability to recover from his insurance provider may depend on the type of vehicle being driven at the time of the accident, *see Hardy*, 178 N.J. at 333–35, Plaintiff omits mention in the Complaint of which vehicle he had been driving. *See generally* Compl. Thus, the Court makes no finding at this time as to whether Plaintiff's apparent belief that filing on his personal insurance was, indeed, reasonable.

facilitated. *See id.* Nothing alleged in the Complaint provides support "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555; *see also Phillips*, 515 F.3d at 234 (Third Circuit case noting that the *Twombly* standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" (internal quotation marks omitted)). Accordingly, Plaintiff has failed to adequately plead the first element of his claim.

### B.  Plaintiff's Alleged Refusal to File Lacks Adequate Factual Basis

The CEPA statute specifies that "[a]n employer shall not take any retaliatory action against an employee because the employee . . . [o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes . . . is in violation of a law . . . ." N.J. STAT. ANN. § 34:19-3c(1) (2014). Plaintiff alleges that he was fired "[i]n retaliation for refusing to file a Personal Injury claim through his own insurance[,]" Compl. ¶ 18, directly contravening the instruction he was allegedly given by his employer, Defendant. *See* ¶ 13.

However, this element faces a similar shortcoming to that of the first element. As noted *supra*, there are insufficient allegations regarding the conversation during which Defendant allegedly gave Plaintiff the instruction, *see id.* ¶¶13, 15, and regarding the nature of Plaintiff's refusal. *See id.* ¶¶ 15, 18. Nothing alleged in the Complaint provides support to Plaintiff's alleged refusal "enough to raise [his] right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Accordingly, Plaintiff has failed to meet the second element of his CEPA claim in his Complaint.

### C.  The Alleged Termination Falls Under § 34:19-3c

Termination of employment clearly falls under the purview of an "adverse employment action" for the purposes of this statute. *See Caver*, 420 F.3d at 255–56. Given that Plaintiff alleges

7

"Defendant fired the Plaintiff," Compl. ¶ 18, the third element of Plaintiff's CEPA claim is met for the purposes of this Motion.

### D. Plaintiff Fails to Adequately Plead the Causation of His Termination

Showing a causal link between the adverse employment action and a whistle-blowing activity traditionally hinges on two factors: chronological proximity and evidence of ongoing antagonism. *Abramson v. William Patterson College*, 260 F.3d 265, 288 (3d Cir. 2001). The Supreme Court has emphasized that "cases which accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima fascie case uniformly hold that the temporal proximity must be very close." *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001).

In asserting his claim, Plaintiff states that he was fired "[i]n retaliation for Plaintiff refusing to file a Personal Injury claim . . . on January 16, 2012." Compl. ¶ 18. The accident itself seemingly took place on January 2, 2012, a mere two weeks earlier. *Id.* ¶ 8. In other words, the entirety of the facts of this case took place within a two-week timespan, sufficiently close for the purposes of alleging an inference of causality.

However, the Complaint has not even alleged a consistent date for the accident. *See supra* note 2. As it stands, the Complaint is factually insufficient for the fourth element of its CEPA claim.

### IV. Conclusion

Plaintiff's Complaint fails to satisfy the first, second, and fourth elements of a CEPA claim. For the reasons given above, Defendants' Motion to Dismiss is GRANTED without prejudice. Plaintiff has thirty (30) days to file a Motion to Amend his Complaint.

Dated: June 30, 2015 /s The Honorable Freda L. Wolfson
United States District Judge