UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER ROBERT, | : |
| Plaintiff, | : Civil Action No. 14-7266 (FLW)(DEA) |
| v. | : **MEMORANDUM ORDER** |
| AUTOPART INTERNATIONAL, | : |
| Defendant. | : |

This matter comes before the Court on a motion by Plaintiff, Javier Robert, for leave to amend his Complaint [ECF No. 23]. Defendant Autopart International has opposed the motion. The Court considers the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is granted.

**I. BACKGROUND**

Plaintiff initiated this employment action in the Superior Court of New Jersey, and Defendants removed the case to this Court on November 21, 2014. The original Complaint alleged violations of New Jersey's Law Against Discrimination ("LAD") and Conscientious Employee Protection Act ("CEPA"). Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and on June 30, 2015, Judge Wolfson granted the motion. Judge Wolfson entered an Order (the "June 30th Order") dismissing the Complaint without prejudice, closing the case, and granting Plaintiff leave to file a motion to amend his Complaint within 30 days.

On July 30, 2015, Plaintiff, having apparently misread the June 30th Order, filed an Amended Complaint rather than a motion for leave to amend. Defendant responded with a

motion to dismiss the Amended Complaint.  However, on September 16, 2015, Judge Wolfson, *sua sponte*, reopened the matter, dismissed the motion to dismiss, ordered the Amended Complaint be stricken, and directed Plaintiff to file a motion to amend by September 23, 2015 if he wished to proceed with this case.  This motion followed.

The proposed Amended Complaint contains one count alleging violation of New Jersey's CEPA.  The facts alleged in the proposed Amended Complaint are as follows:  Plaintiff is a former employee of Defendant.  Proposed Amended Complaint ¶ 9.[1]  In January 2012,[2] Plaintiff was involved in a motor vehicle accident "while driving and working for Defendant."  *Id.* ¶ 11.  Plaintiff suffered serious injuries as a result of this accident.  *Id.* ¶ 12.  Plaintiff initially received medical care for his injuries from "a Workers' Compensation doctor authorized by Defendant," and this doctor directed Plaintiff to follow-up for further medical treatment.  *Id.* ¶ 13-14.  Defendant, however, demanded that Plaintiff return to work immediately.  *Id.* ¶ 15.

The "Workers' Compensation doctor" treating Plaintiff advised that if Plaintiff returned to work, he could only perform only "light duty."  *Id.* ¶ 16.  This condition was unacceptable to Defendant, who advised Plaintiff that he must return to "full duty" or he would be terminated.  *Id.* ¶ 17.  In light of the advice from the doctor, Plaintiff informed Defendant that he would not return to work under those conditions.  *Id.* ¶ 18.  Thereafter, Defendant cancelled Plaintiff's future appointments with the "[W]orkers [C]ompensaton doctors."  *Id.* ¶ 19.

At some point "prior to January 16, 2012", Defendant was called back to work to discuss his employment status.  *Id.* ¶ 21.  He was advised, "by and through [Defendant's] managers," that they would not accept the "light duty" limitation and Plaintiff "had only the option of

---

[1] Plaintiff's motion papers state that the proposed Amended Complaint is found at Exhibit E to the motion.  The motion filed on the electronic docket does not contain an Exhibit E.  However, Defendant points out that the "proposed Amended Complaint attached to Plaintiff's motion to amend is the same as the Amended Complaint filed by Plaintiff on July 30, 2015" at ECF No. 16.
[2] The Amended Complaint gives different dates in January 2012.  *See* Proposed Amended Complaint ¶ 10 (stating accident occurred January 16, 2012); ¶ 11 (stating accident occurred January 2, 2012).

2

returning to work" (presumably at full duty) despite the doctor's advice. *Id.* ¶ 22. The managers further advised Plaintiff that he could not pursue a Workers' Compensation claim against Defendant, and that he was to "report the accident to his own insurance carrier as if it did not happen while he was working." *Id.* ¶ 23-24. Plaintiff told Defendant that he would not return to work against medical advice, that he was entitled to pursue a Workers' Compensation claim and receive treatment through Defendants' doctors, and that he would not falsely report the claim to his own insurance company because to do so was fraudulent and a crime. *Id.* ¶ 25. Thereafter, on January 26, 2012,[3] Plaintiff's employment was terminated. *Id.* ¶ 26.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court, *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970), and courts "have shown a strong liberality ... in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[3] The proposed Amended Complaint states that the date of termination was January 26, 2012, while the original Complaint states that it was January 16, 2012. Although it may only be the product of sloppy drafting, for the purposes of this motion the Court shall use the date set forth in the Proposed Amended Complaint.

Defendant opposes Plaintiff's motion, contending that (1) the motion "is the product of undue delay;" (2) the amendment would result in undue prejudice to Defendant; and (3) the amendment is futile.  The Court addresses each in turn.

1.  Undue Delay

With respect to undue delay, the Court of Appeals for the Third Circuit has stated that

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, … requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

*Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted).  Here, Defendant contends there has been undue delay because "[d]espite specific instructions by the Court in its June 30, 2015 Opinion & Order, Plaintiff failed to file a motion [f]or leave to amend his Complaint until September 23, 2015" and "offers no explanation for the delay."  ECF No. 24 at 7.  Defendant does not, however, show how this delay places an unfair or unwarranted burden on Defendant or the Court.  Further, Plaintiff explains that he "mistakenly interpreted" the June 30th Order as permitting the filing of an Amended Complaint.  When Plaintiff's error was discovered, Judge Wolfson allowed Plaintiff until September 23, 2015 to file his motion.  Having filed his motion within the time permitted, the Court does find any undue delay on the part of Plaintiff.

2.  Undue Prejudice

Defendant has also failed to show that it will suffer undue prejudice if the Court grants Plaintiff's motion.  In addressing the issue of prejudice, the Court must "focus on the hardship to the defendants if the amendment were permitted."  *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001).  In considering whether prejudice exists, "[courts] have

4

considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*  Defendant here asserts that the amendment is prejudicial because (1) the likelihood of Plaintiff's success on the merits of his claim is questionable; and (2) Defendant will incur "significant costs" if this case proceeds and Defendant is required to "prepare its defense in light of the additional unsupported and legally insufficient allegations" in the proposed Amended Complaint.  ECF No. 24 at 8-9.  Neither of these assertions support a finding that permitting the amendment creates an "unfair burden" on Defendant.  *Cureton*, 252 F.3d at 273.  First, Defendant's arguments regarding the legal sufficiency of the proposed Amended Complaint and Plaintiff's potential for success are more relevant to a futility analysis, which is discussed below.  Additionally, Defendant has not shown that there is anything fundamentally unfair or "undue" about it being required to defend this action should it proceed.  In sum, the Court does not find that Defendant will suffer unfair prejudice by permitting Plaintiff to amend the Complaint.

3.  Futility

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 09-3856, 2010

WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Put succinctly, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  In determining futility, the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To state a claim for retaliation under CEPA, Plaintiff must demonstrate the following elements: (1) he had a reasonable belief that his employer's conduct violated a law, regulation, or clear mandate of public policy; (2) he performed a "whistle-blowing" activity described in N.J.S.A. 34:19–3c; (3) the employer took an adverse employment action against the plaintiff; (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.  *Dzwonar v. McDevitt*, 177 N.J. 451, 828 A.2d 893, 900 (N.J. 2003); *Samowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 404 (3d Cir. 2007).

As to the first element, the proposed Amended Complaint states that Plaintiff was directed by Defendant's management not to pursue a Workers' Compensation claim and to "report the accident to his own insurance carrier as if it did not happen while he was working." Proposed Amended Complaint ¶ 24.  Plaintiff responded that he would not "falsely report[]" the claim to his insurance company because doing so would be fraudulent and illegal.  *Id.* ¶ 25.  This conversation apparently took place in person at Plaintiff's workplace (Plaintiff alleges that he was "summoned … to work to discuss his status as an employee") sometime after the date of the accident, (presumably January 2, 2012) and prior to January 16, 2012.  *Id.* ¶ 21.

The Court finds the proposed Amended Complaint contains sufficient factual matter to satisfy the requirement that Plaintiff have a reasonable belief that the conduct at issue violated a law, regulation, or clear mandate of public policy.  Plaintiff alleges that he was essentially directed by Defendant to make a false insurance claim (*i.e.*, to report the insurance claim "as if [the accident] did not happen while he was working").  It is a violation of New Jersey's Insurance Fraud Prevention Act ("IFPA") to, among other things, " [p]resent[] or cause[] to be presented any … statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy … knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim."  N.J.S.A. 17:33A-4.  Even if, as Defendant argues, there is nothing to suggest that merely asking Plaintiff to file an insurance claim through his personal policy would have been insurance fraud, there are allegations that Defendant directed Plaintiff to submit a claim using false information that was likely material to the claim, which would violate the IFPA.

Furthermore, contrary to Defendant's contentions, the proposed Amended Complaint satisfactorily addresses the deficiencies identified by Judge Wolfson in her June 30th Opinion as to this first element.  Judge Wolfson found that Plaintiff's original Complaint had provided "zero factual allegations" relating to the Defendant's alleged suggestion that Plaintiff make a false insurance claim.  ECF No. 14 at 6.  While perhaps not the most artfully drafted, when read in the light most favorable to Plaintiff, the proposed Amended Complaint sets forth facts that describe not only the substance of the communication, but also who from Defendant participated in the communication with Plaintiff ("managers"), where the conversation took place (at Plaintiff's place of employment), the time the communication took place (sometime between January 2, 2012 and January 16, 2012), and the manner in which the conversation was conducted (in-

person). Consequently, the Court finds the facts alleged are sufficient to satisfy the first element of a CEPA claim.

As to the second element, CEPA provides that "[a]n employer shall not take any retaliatory action against an employee because the employee . . . [o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes . . . is in violation of a law …." N.J.S.A. 34:19–3c. As set forth above, the proposed Amended Complaint contains sufficient factual matter regarding the communication involving Plaintiff's refusal to engage in actions he believed to be unlawful. The proposed Amended Complaint, therefore, satisfies the second element of the CEPA claim.

Turning to the third element, as Judge Wolfson found, "[t]ermination of employment clearly falls under the purview of an 'adverse employment action' for the purposes of this statute." ECF No. 14 at 7. In the proposed Amended Complaint, Plaintiff alleges that "Defendant … fired him," thus satisfying this element.

Finally, as to the last element, "[f]ederal courts have held that in order to establish causation, a plaintiff usually must allege either '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing ....'" *Davis v. Supervalu, Inc.*, No. 13–414, 2013 WL 1704295, at *5 (D.N.J. April 19, 2013). Here, despite the inconsistent allegations regarding the operative dates, when viewing the allegations in the light most favorable to the Plaintiff and drawing all reasonable inferences in Plaintiffs favor, and considering the liberal standards applicable to a motion to amend, the Court finds that there are sufficient facts pled to support the fourth element of a CEPA claim. According to the proposed Amended Complaint, the earliest date given for Plaintiff's motor vehicle accident was January 2, 2012. The latest date given for Plaintiff's firing was January 26, 2012. Thus, at most there was approximately a three week span in which all of

the operative facts of this case occurred. The close temporal proximity between Plaintiff's refusal to submit his insurance claim as a non-work-related injury and his termination is suggestive of a causal link. A finding of causation is also bolstered by allegations that Plaintiff and Defendant were at odds over Plaintiff's Workers' Compensation claim from shortly after Plaintiff was first seen by a doctor. The Court, therefore, finds that the proposed Amended Complaint satisfies the fourth element of a CEPA claim.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff's motion for leave to file an Amended Complaint. Accordingly,

**IT IS** on this 8th day of February 2016,

**ORDERED** that the motion for leave to amend is hereby GRANTED; and it is further

**ORDERED** that Plaintiff shall file his Amended Complaint no later than 7 days after entry of this Order.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge